```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

ERAMUS WASHINGTON,              :
         Petitioner
                                :

         vs.                    :    CIVIL NO. 1:CV-07-1730

                                :
COMMONWEALTH OF PENNSYLVANIA,
PENNSYLVANIA BOARD OF           :
PROBATION AND PAROLE,
         Respondent             :

*M E M O R A N D U M*

I.   *Introduction*

On September 24, 2007, Erasmus Washington filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. The respondent, the Pennsylvania Board of Probation and Parole, had revoked his parole, sending him back to prison for nine months of backtime. In doing so, it recalculated his maximum sentence date. Washington challenges not the revocation of parole but the calculation of his new maximum sentence date. He asserts that the Board violated due process and his right against double jeopardy when it failed in its calculation to give him credit on his Pennsylvania sentence for some three years and nine months he spent in custody on a sentence in Mississippi.

The Board argues that the petition should be dismissed because Petitioner has failed to exhaust state-court remedies

and because it has no merit in any event. We agree with the Board's exhaustion argument and will dismiss on that basis.[1]

II.  *Background*

For this background, which is undisputed, we borrow heavily from the Board's statement of facts in its memorandum in support of its answer to the petition.[2]

On January 19, 1989, Petitioner was sentenced in the Court of Common Pleas of Adams County, Pennsylvania, to a minimum of eighty months to a maximum of twenty years on two counts of burglary. Washington's original minimum sentence was June 21, 1994, and his original maximum sentence was October 21, 2007.

On March 13, 2001, the Board granted Washington constructive parole to his Mississippi detainer sentence. (Doc. 14-2, penalty-of-perjury declaration of Victoria L. Malone, Director of the Case Analysis Division for the Board, ¶ 7 and

---

[1] Even though Petitioner does not directly challenge his custody, we entertain this petition because the calculation of the new maximum sentence date appears to have had an effect on how long the Board could keep him in custody on the parole revocation.

[2] Washington filed this petition while he was confined at SCI-Frackville, Frackville, Pennsylvania. He has now been reparoled to a community corrections center in Harrisburg, Pennsylvania. Washington filed no reply brief to the Board's memorandum. We also note that he has still not advised us of his change of address from SCI-Frackville, and that two of our orders were returned as undeliverable, see docs. 9 and 13, one of them the service order on the Board allowing Petitioner to file a reply brief.

Attach. 2, Board decision). The actual release date to the Mississippi sentence was June 22, 2001. (*Id.* ¶ 3 and Attach. 3).

On March 21, 2005, Washington was released from his Mississippi sentence, but instead of returning to Pennsylvania and reporting to his parole agent, he traveled to the State of Georgia. On August 9, 2005, he was arrested in Georgia and charged with the crimes of Family Violence Battery and Interference with an Emergency Call. On August 19, 2005, he pled guilty to the misdemeanor offense of Family Violence Battery and he was sentenced to a suspended sentence of twelve months.

On August 27, 2005, Petitioner was returned to Pennsylvania and detained at SCI-Camp Hill. On October 14, 2005, the Board held a violation/revocation hearing. By a decision mailed December 6, 2005, the Board recommitted him as a technical and convicted parole violator. He was to serve a total of 9 months backtime, three months as a technical parole violator, for leaving the district without permission, and nine months as a convicted parole violator, for the Georgia battery. The backtime was to run concurrently.

In its decision, mailed to Washington on December 6, 2005, the Board also recalculated his maximum sentence date from October 21, 2007, to December 9, 2011. Washington filed two petitions for administrative review objecting to the new maximum sentence. The Board received the petitions on December 13, 2005, and December 16, 2005. By a decision mailed January 9, 2006, the

Board denied the petitions and affirmed its decision mailed on December 6, 2005. (Doc. 14-2, Attach. 10).

Petitioner did not file a petition for review in the Pennsylvania Commonwealth Court, a remedy he could have pursued. Instead, on May 21, 2007, he filed a 2254 petition in this court. *Washington v. Pennsylvania Bd. of Prob. & Parole*, No. 1:07-CV- 0923 (M.D. Pa. 2007)(Caldwell, J.). On July 12, 2007, however, he filed a motion to withdraw the petition without prejudice so that he could exhaust his state-court remedies. On July 25, 2007, we granted that motion and dismissed Washington's petition without prejudice.

On September 4, 2007, about a year and eight months after the Board denied his petitions for administrative review, Washington filed a petition for writ of mandamus in the commonwealth court's original jurisdiction, asking that court to order the Board to recalculate his maximum sentence date. *Washington v. Pennsylvania Bd. of Prob. & Parole*, No. 428 M.D. 2007 (Pa. Commw. Ct. 2007). On September 10, 2007, the court dismissed the petition for lack of original jurisdiction.

Washington then returned to this court, filing the instant petition on September 24, 2007. In the meantime, the Board granted Petitioner reparole on August 7, 2006, to a community corrections center, and Washington was reparoled on October 22, 2007.

III.  *Discussion*

A 2254 petition cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished "by fairly presenting each claim at each stage of the state's established appellate review process." *Villot v. Varner*, 373 F.3d 327, 337 (3d Cir. 2004). Respondent asserts that Washington failed to exhaust his state-court remedies, and hence this petition must be dismissed. We agree.

As Respondent points out, after the Board denied Washington's petitions for administrative review,[3] he could have availed himself of a judicial remedy, a petition for review in the commonwealth court on the issue of the correct calculation of his maximum sentence date. See *Evans v. Pennsylvania Dep't of Corr.*, 713 A.2d 741, 742-43 (Pa. Commw. 1998).[4] He then could have sought discretionary review in the state supreme court. *McMahon v. Commonwealth, Pennsylvania Bd. of Prob. & Parole*, 504 Pa. 240, 241-42, 470 A.2d 1337, 1337 (1983); Pa. R. App. P. 1112. He failed to do either. He did file a mandamus action in the commonwealth court well over a year later, but that was

---

[3] Under 37 Pa. Code § 73.1(b)(1), administrative review was available for Washington's claim that the Board had incorrectly calculated his new maximum sentence date.

[4] The petition would have to have been filed within thirty days of January 9, 2006, the date the Board denied administrative review. 42 Pa.C.S. § 763; Pa. R. App. P. 1512.

dismissed for lack of jurisdiction. We will therefore dismiss this petition for failure to exhaust state-court remedies.[5]

In any event, the petition appears to have no merit. Washington's claim that his recalculated maximum sentence date is erroneous is based on his argument that he was serving his Mississippi sentence concurrently with his Pennsylvania sentence. However, the record indicates that Pennsylvania had constructively paroled Petitioner to the Mississippi sentence. Since Petitioner had only been constructively paroled, he would not have been entitled to credit on his Pennsylvania sentence for the time served in Mississippi. *See Hines v. Pennsylvania Bd. of Prob. & Parole*, 491 Pa. 142, 148-49, 420 A.2d 381, 384 (1980); *Calloway v. Pennsylvania Bd. of Prob. & Parole*, 857 A.2d 218, 220-21 (Pa. Commw. 2004).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 29, 2008

---

[5] Exhaustion could be said to be excused here since Petitioner no longer has an available state-court remedy, *see Arce v. Outlaw*, No. 4:CV-05-2479, 2007 WL 465570, at *9 (M.D. Pa. Jan. 10, 2007), but Petitioner has failed to argue cause-and-prejudice or a miscarriage of justice that would excuse the resulting procedural default. *Id.*

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ERAMUS WASHINGTON,              :
         Petitioner
                                :

         vs.                    :    CIVIL NO. 1:CV-07-1730

                                :
COMMONWEALTH OF PENNSYLVANIA,
PENNSYLVANIA BOARD OF           :
PROBATION AND PAROLE,
         Respondent             :
```

*O R D E R*

AND NOW, this 29th day of February 2008, it is ordered that:

    1. The petition (doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for failure to exhaust state-court remedies.

    2. The Clerk of Court shall close this file.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge